Argued and submitted November 12, 1980, affirmed January 19, 1981

# HENNINGS,
*Petitioner,*

*v.*

# WATER RESOURCES DEPARTMENT,
*Respondent.*
## (No. PC 79-4, CA 18201)

622 P2d 333

Roderick L. Johnson, Corvallis, argued the cause for petitioner. With him on the brief was Thomas & Johnson, Corvallis.

Al J. Laue, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James M. Brown, Attorney General, John R. McCulloch, Jr., Solicitor General, and William F. Gary, Deputy Solicitor General, Salem.

Before Gillette, Presiding Judge, and Roberts and Campbell, Judges.

CAMPBELL, J.  PRO TEMPORE*

---

*Appointed to Supreme Court December 1, 1980.

## CAMPBELL, J.  PRO TEMPORE

This is an appeal from an order of the Department of Water Resources cancelling a water right which authorized use of water from the South Fork of the Alsea River for irrigation of several parcels of land. The Department cancelled the water right pursuant to ORS 540.610(1) which requires a presumption of abandonment from nonuse of the right for any period of five successive years. We affirm.

Petitioner's lands, to which the water right in question is appurtenant, are located between the South Fork Road and the channel of the South Fork of the Alsea River. The lands were irrigated through a system of gravity flow ditches, diverting water from the natural flow of the river by means of a concrete diversion dam constructed across the channel of the river for that purpose. The water right certificate was issued for the appropriation of no more than 0.875 cubic foot of water per second from the river under a priority date of August 21, 1945.

This proceeding was initiated by the Water Resources Department in response to affidavits filed by certain individual proponents of cancellation. After a hearing, the Director ordered cancellation of petitioner's water right certificate on the ground that the right had been abandoned through nonuse for five years, 1970-1974 inclusive, pursuant to ORS 540.610(1), which provides:

"* * * Beneficial use shall be the basis, the measure and the limit of all rights to the use of water in this state. Whenever the owner of a perfected and developed water right ceases or fails to use the water appropriated for a period of five successive years, the right to use shall cease, and the failure to use shall be conclusively presumed to be an abandonment of water right. Thereafter the water which was the subject of use under such water right shall revert to the public and become again the subject of appropriation in the manner provided by law, subject to existing priorities."

At the hearing, the Director found as fact that from 1970 to 1972 water was not diverted from the channel for use of irrigation on the subject lands, and that the only diversion of water occurring in 1973 was diversion for

the purpose of wetting the dry ground to assist with the plowing of the land. In 1974, water was diverted from the river and run through a portion of the ditch system and back into a channel of the river, but none of the water was rediverted from the ditches and spread over the lands to accomplish irrigation of any of the lands.

The Director found that the water right permit had been granted for the beneficial use of irrigation. He concluded that, while the appropriator may have derived benefit from the use of water in 1973 for wetting some of the land to assist with plowing, such use was not "irrigation" as generally defined. Therefore the use was not under the provisions of the water right in question and thus the water right had been forfeited.

Petitioner's major contentions on appeal are that forfeiture under ORS 540.610(1) may only occur where the appropriator fails to put the water to *any* beneficial use and not where the appropriator merely fails to adhere to the purposes set forth in the permit. Further, she contends that, even if the right is limited to the purpose set forth in the permit, forfeiture should not have occurred because (1) the permit issued was not limited to irrigation because the use portion was blank or (2) the use in 1973 constituted "irrigation" under the Director's definition.

■ ■ Priority of the right to the water extends only to what is needed for the use for which the water has been appropriated. *Broughton v. Stricklin,* 146 Or 259, 28 P2d 219 (1933), *reh den* 146 Or 259, 30 P2d 332 (1934); *Re Umatilla River,* 88 Or 376, 168 P 922, 172 P 97 (1918). The statutory scheme as a whole illustrates that the use contemplated must be that of the perfected water right and not some other use. Under ORS 540.510 water may not be appropriated for a use not authorized by the permit or certificate regardless of whether the amount of water needed for the new use is within the limit set by the permit or certificate. No change in use or place of use can be made without application to the State Engineer, and the change cannot be effected if it would injuriously affect other users. ORS 540.510 - 540.530.

■ Thus, the statute limits the certificate holder's right by authorizing use of appropriated water only for the

specific purpose set out in the application which the Water Resources director has determined to be beneficial. ORS 537.160. Beneficial use is not defined by the statute. Instead, certain important uses, including irrigation, are enumerated and declared to be beneficial. ORS 536.300(1). Moreover, unreasonable waste of all or part of the water constitutes "non-beneficial use." *Tudor v. Jaca,* 178 Or 126, 164 P2d 680, 165 P2d 770 (1946); *Broughton v. Stricklin, supra,* 146 Or at 270-71; *see* ORS 536.310(1).

■ In sum, petitioner had a right to use a certain amount of water to *irrigate* her lands without unnecessary waste. We cannot subscribe to petitioner's theory that the statutory test under ORS 540.610(1) is solely that the water was put to "beneficial use" regardless of the provisions of the water right. We find, therefore, that the director applied the appropriate statutory test and there was substantial evidence to support his holding that water appropriated under the provisions of the water right in question was not used for irrigation of the subject lands for a period of five successive years, thereby resulting in forfeiture of the right.

■ Petitioner's assertion that because the "purpose" designation on the water certificate was blank she is allowed to engaged in any beneficial purpose has no merit. Although the "purpose" portion of the certificate is blank, the body of the certificate speaks exclusively of irrigation. Further, we agree with the director that wetting some of the land to assist with plowing does not constitute "irrigation" as commonly defined.[1]

We need not reach petitioner's other assignment of error.

Affirmed.

---

[1] We adopt the definition employed by the Director which is found in Webster's New Universal Dictionary of the English language (unabridged edition 1976): "Irrigation: In agriculture, the operation of causing water to flow through lands for nourishing plants."