Argued and submitted October 30, 1997, affirmed June 3, 1998

In the Matter of the Water Right Application of

Jack LENTZ,
*Appellant,*

*v.*

STATE OF OREGON,
by and through its
WATER RESOURCES DEPARTMENT,
*Respondent.*

(9603594CV; CA A96424)

962 P2d 41

John H. Bogardus argued the cause for appellant. With him on the brief was Bogardus & Nichols, P.C.

John T. Bagg, Assistant Attorney General, argued the cause for respondent. With him on the brief were Hardy Myers, Attorney General, and Virginia L. Linder, Solicitor General.

Before Riggs, Presiding Judge, and Landau and Wollheim,* Judges.

LANDAU, J.

---

* Wollheim, J., *vice* Leeson, J., resigned.

## LANDAU, J.

At issue in this case is whether petitioner may obtain judicial review of a final order of the Water Resources Department (department) denying him a water rights permit, when he failed to submit a protest to the proposed final order. The trial court held that petitioner's failure to challenge the proposed final order precludes judicial review of the final order and dismissed the petition for review. We agree and affirm.

The relevant facts are not in dispute. Petitioner filed an application for a water rights permit seeking to appropriate water from an unnamed spring in Lake County, Oregon. The department issued a proposed final order recommending that the application be denied. The proposed final order informed petitioner of his right to submit a protest to the proposed final order and to request a hearing. Petitioner did neither. The department issued a final order denying the application. Petitioner filed a petition in circuit court for judicial review of an order in other than a contested case. ORS 183.484.

The department moved for summary judgment on the ground that judicial review is precluded under ORS 537.170(5), which provides:

"Each person submitting a protest * * * shall raise all reasonably ascertainable issues and submit all reasonably available arguments supporting the person's position by the close of the protest period. Failure to raise a reasonably ascertainable issue in protest or in a hearing or failure to provide sufficient specificity to afford the Water Resources Department an opportunity to respond to the issue precludes judicial review based on that issue."

Petitioner opposed the motion on the ground that ORS 537.170(5) applies only when an individual other than the applicant files a protest or when the applicant requests a hearing. Because neither occurred in this case, petitioner contended that the exhaustion requirement of ORS 537.170(5) does not apply. The department replied that, under the terms of the statute, all persons must first file a protest to give the department an opportunity to respond to

the bases of the protest before obtaining judicial review. The trial court granted the department's motion and dismissed the petition.

On appeal, petitioner contends that the trial court erred in granting the department's motion. He reiterates his contentions that ORS 537.170(5) applies only when a protest has been filed or when an applicant requests a hearing and that the statute does not impose an affirmative obligation on an applicant to do either. According to petitioner, the statutes governing the water rights permit process, as well as their legislative history, reveal that the legislature intended to allow applicants the option of either requesting a hearing by the department or allowing the department to issue its final order without a hearing and then seeking review from the circuit court. In that regard, petitioner places particular emphasis on ORS 537.170(7)(b), which provides that applicants and protestants may seek judicial review of final orders that are issued without a contested case hearing. The department responds that ORS 537.170(5) does impose an affirmative obligation on an applicant to challenge a proposed final order either by way of protest or request for hearing and that the statute does not give applicants the option of doing neither. The department further responds that ORS 537.170(7)(b) merely permits judicial review when an applicant or protestant has challenged a proposed final order by protest without a hearing and that the statute does not relieve those individuals of the obligation to exhaust their administrative remedies before seeking judicial review.

■ Whether ORS 537.170(5) requires an applicant to challenge a proposed final order before seeking judicial review poses a question of statutory construction. In construing the statute, we attempt to ascertain the intentions of the legislature by examining the text of the statute in its context and, if necessary, its legislative history and other interpretive aids. *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-12, 859 P2d 1143 (1993).

The water rights application process described in ORS chapter 537 is not a thing of beauty and is complex in the extreme. We therefore set out a summary of the process

to provide appropriate context for our examination of the statutory provisions at issue.

Upon receipt of an application for a water rights permit, the department must determine whether the application is complete and whether the proposed use is prohibited by law and must satisfy various notice and comment requirements. ORS 537.150. Within 60 days of that initial review, the department is required to issue a proposed final order approving or denying the application or approving it with modifications or conditions. ORS 537.153(1). Any person may protest a proposed final order. ORS 537.153(6) describes the process:

"(6)   Any person may submit a protest against a proposed final order. A protest shall be in writing and shall include:

"(a)   The name, address and telephone number of the protestant;

"(b)   A description of the protestant's interest in the proposed final order and, if the protestant claims to represent the public interest, a precise statement of the public interest represented;

"(c)   A detailed description of how the action proposed in the proposed final order would impair or be detrimental to the protestant's interest;

"(d)   A detailed description of how the proposed final order is in error or deficient and how to correct the alleged error or deficiency;

"(e)   Any citation of legal authority supporting the protest, if known; and

"(f)   For persons other than the applicant, the protest fee required by ORS 536.050."[1]

It bears emphasis that *any* person may submit a protest and that, although the statute refers to the term "protestant," it is

---

[1] ORS 536.050 sets out the various fees that are to be paid to the department for permits, copying records, certifying documents, examining applications and the like. ORS 536.050(1)(j) provides that the fee for submitting a protest under ORS 537.153 is $200, reduced by the amount of any protest previously paid toward the same application, and that the fee filing for any other protest with the department is $25.

apparent that the term includes applicants. Hence, the reference in subsection (f) to the fee for protestants "other than the applicant." If the applicant were not a "protestant" within the meaning of the statute, that section would make no sense.

At this point in the process, the director of the department must determine whether to hold a hearing. ORS 537.153(8) requires a hearing if a protest has been filed *and* either the director finds that there are significant disputes or the applicant requests a hearing:

"(8) Within 60 days after the close of the period for receiving protests, the Water Resources Director shall:

"* * * * *

"(b) Schedule a contested case hearing if a protest has been submitted and if:

"(A) Upon review of the issues, the director finds that there are significant disputes related to the proposed use of water; or

"(B) Within 30 days after the close of the period for submitting protests, the applicant requests a contested case hearing."

It is important to note that both a protest and a request for a hearing must be received before a hearing is required. If no protest is received—even if the applicant requests a hearing—the director is authorized to issue a final order without a hearing. ORS 537.153(8)(a). That means that the applicant has the following choice: He or she may choose to challenge the proposed order by way of protest alone, without requesting a hearing, or he or she may choose to challenge the proposed order by protest *and* a request for hearing. In either event, the persons entitled to protest must include the applicants; otherwise, the applicant's right to a hearing would depend on whether a nonapplicant filed a protest.

Ultimately, the director must issue a final order. The final order may approve the application for a water rights permit, approve it subject to modifications of the proposed final order, or reject it. ORS 537.170(6). If the director holds a contested case hearing, then the resulting final order may be

reviewed by this court under the pertinent provisions of the Administrative Procedure Act regarding judicial review of orders in contested cases. ORS 183.482.

If the director does not hold a hearing and the final order modifies the proposed final order, the applicant may request—and the director must schedule—a contested case hearing "by submitting the information required for a protest under ORS 537.153(6)." ORS 537.170(7)(a). The resulting final order then is subject to judicial review as an order in a contested case. ORS 183.482.

If the director does not hold a hearing and simply approves or denies the application, the final order is subject to judicial review by the circuit court as an order in other than a contested case. ORS 537.170(7)(b). Only the applicant or an individual who has filed a protest may seek such judicial review. ORS 537.170(7)(b).

■ In the context of that permit process, we turn to the text of the disputed statute, ORS 537.170(5), which provides:

> "Each person submitting a protest * * * shall raise all reasonably ascertainable issues and submit all reasonably available arguments supporting the person's position by the close of the protest period. Failure to raise a reasonably ascertainable issue in a protest or in a hearing or failure to provide sufficient specificity to afford the Water Resources Department an opportunity to respond to the issue precludes judicial review based on that issue."

A careful reading of that language in context reveals that it does not say what petitioner suggests. It does not apply only to persons other than applicants. ORS 537.170(5) applies to "[e]ach person submitting a protest" and, as we have observed from other sections concerning the permit process, applicants are persons who are entitled to submit a protest.

Petitioner is correct that the first sentence of the section does not impose an obligation to file a protest; it merely states that, if a protest has been submitted, the protestant must raise all reasonably ascertainable issues and arguments. The second sentence of the section, however, states that, to obtain judicial review concerning an issue, that issue *must* have been raised before the department either by way

of protest or at a hearing. That sentence imposes the affirmative obligation that petitioner seeks to avoid. It is true that, technically speaking, the legislature nominalized the verb "fail" in the second sentence and thus left unspecified precisely whose failure it intended to target. Nevertheless, in context, it is clear that the sentence was intended to refer to any person capable of raising an issue in a protest or in a hearing. There is no textual support whatever for petitioner's suggestion that the sentence was intended to exclude applicants.

Our reading of the statute is buttressed by reference to settled principles of administrative law, which generally require individuals seeking judicial review of a final agency order to have exhausted available administrative remedies. As the Supreme Court explained in *Mullenaux v. Dept. of Revenue*, 293 Or 536, 541, 651 P2d 724 (1982):

> "A party does not exhaust his administrative remedies simply by stepping through the motions of the administrative process without affording the agency an opportunity to rule on the substance of the dispute. Exhaustion of administrative remedies is not accomplished through the expedience of default."

Nothing in the relevant statutes evinces a legislative intent to contravene that basic principle of administrative law. To the contrary, the principle finds expression in ORS 537.170(5) itself, which refers to the importance of "afford-[ing] the Water Resources Department an opportunity to respond to the issue" before seeking judicial review.

Petitioner's contention that the foregoing interpretation of ORS 537.170(5) conflicts with the circuit court review provisions of ORS 537.170(7)(b) is unavailing. The latter statutory provision merely provides that, when a final order has been issued without a hearing, the applicant or other protestant may obtain judicial review in the circuit court. As we have observed from our overview of the process, the statutes contemplate applicants having the option of challenging a proposed final order by way of protest, without requesting a contested case hearing. In such cases, the resulting final order is reviewable as an order in other than a contested case, as ORS 537.170(7)(b) provides. The statute,

however, in no way relieves the applicant from the obligation of filing the protest as a prerequisite to obtaining judicial review.

Petitioner's contention that our reading of the statutes conflicts with the legislative history is likewise unavailing. To begin with, petitioner fails to identify relevant statutory language that is sufficiently capable of alternative meanings to permit resort to legislative history. *PGE*, 317 Or at 611-12. Moreover, and in any event, the legislative history is inconclusive at best. What is now ORS 537.170 was enacted as section 13 of Senate Bill 674 during the 1995 legislative session. An early version of section 13 provided:

> "Each person, including the applicant, who believes any condition of a draft permit is inappropriate or that the department's tentative decision to deny an application is inappropriate, shall raise all reasonably ascertainable issues * * *."

That language ultimately was changed to the current version:

> "Each person submitting a protest or a request for standing shall raise all reasonably ascertainable issues * * *."

ORS 537.170(5). Petitioner contends that, when the legislature dropped the reference to the applicant, the legislature clearly intended to exempt applicants from the requirements of that section. As a matter of logic and common experience, however, the legislature could have eliminated the reference to applicants for any of several reasons. It could have reasoned that the reference to applicants was surplusage and that the reference to "[e]ach person submitting a protest or a request for standing" was sufficient to describe applicants and other protestants. In fact, the department proposed the alteration of the language of section 13 as part of several amendments that the director explained were "technical in nature" and "not something that has policy significance beyond trying to be clear about limiting the kinds of issues that can be raised." Testimony, House Committee on Water Policy, SB 674, May 11, 1995, Tape 91, Side A at 160 (Testimony of Martha Pagel). Thus, the amendment and testimony

explaining it may be viewed as entirely consistent with our construction of the statute.

We therefore conclude that ORS 537.170(5) precludes judicial review of any reasonably ascertainable issue that an applicant or other protestant failed to raise before the department either by protest or request for hearing. Because petitioner failed to file any protest in this case, he is precluded from seeking judicial review of the final order of the department denying his application for a permit, and the trial court correctly entered summary judgment dismissing his petition for judicial review.

Petitioner raises other contentions, which we have reviewed carefully and reject without further discussion.

Affirmed.